## N. B. DAY *v.* G. W. SEWELL.

**Presiding Officer of the County Court.**

  The judge is the presiding officer of the county court, when such court is composed of the judge and justices; and when such judge is forced to leave the presiding chair and one of the justices is put up to preside, the action of such court then taken is void and of no effect.

APPEAL FROM BREATHITT CIRCUIT COURT.

February 21, 1880.

Opinion by Judge Cofer:

The presiding judge, as his title indicates, is the presiding officer of the county court when composed of the judge and justices, and the action of the justices in compelling Judge Burnett to vacate the chair, and putting one of their own number in his place, and afterward disposing of the substitute in the same manner because he decided contrary to their wishes, was clearly illegal.

Judge Burnett presided on the 22nd day of October, 1878, and the minutes of that day were signed by him. He was present in court on the next day, but was put out of the chair by the illegal action of the justices, and did not sign the minutes of that day, but they were signed by the usurping justice, and have no more effect in law than if they had not been signed at all, and they are therefore void. Sec. 7, Art. 17, Chap. 28, Gen. Stat.

The only valid record, that of the proceedings of Oct. 22, 1878, shows at most that there was a tie vote between the appellant and appellee. The only question in the case was whether the appellee was legally entitled to the office. It is clear that he was not, and when the court had so decided it had disposed of the whole case, and the intimation in the judgment that Esq. Minix was entitled to vote, and that the appellant was not entitled to hold the office beyond the time of the next annual court of claims, was no more than an expression of the opinion of the judge upon a question not before the court. The appellant's rights, whatever they may be, were not affected by that part of the opinion of the court.

Judgment *affirmed* on the original and cross-appeal.

*H. C. Lilly, J. & J. W. Rodman, for appellant.*

*A. J. James, for appellee.*